IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C., et al., <br><br>Plaintiffs, <br><br>v. <br><br>MATTHEW H. SWYERS, et al., <br><br>Defendants. | Case No. 17-cv-07318-MMC <br><br>**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER OR, ALTERNATIVELY, TO COMPEL ARBITRATION** <br><br>Re: Dkt. Nos. 38, 48 |

Before the Court is defendants TTC Business Solutions, LLC ("TTC") and Matthew H. Swyers' ("Swyers") "Motion to Transfer to The Eastern District of North Carolina, or Alternatively, to Compel Arbitration," filed April 18, 2018, as well as a notice of joinder filed by defendants The Trademark Company LLC ("Trademark LLC") and The Trademark Company PLLC ("Trademark PLLC"). Plaintiffs LegalForce RAPC Worldwide, P.C. ("LegalForce RAPC") and LegalForce Inc. ("LegalForce") have filed opposition, to which TTC and Swyers have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

## BACKGROUND

In the operative complaint, the First Amended Complaint ("FAC"), plaintiffs allege that LegalForce RAPC is a law firm that "practices patent and trademark law before the USPTO [United States Patent and Trademark Office]" (see FAC ¶ 15), that LegalForce is a corporation "offering law firm automation and free trademark search services through its website Trademarkia.com" (see FAC ¶ 16), and that TCC, which operates a website

---

[1] By order filed June 19, 2018, the Court took the matter under submission.

1  called "The Trademark Company" and is "one of the largest filers of trademarks before
2  the [USPTO]," is a competitor of LegalForce RAPC (see FAC ¶¶ 31, 34, Ex. D).[2]
3  Plaintiffs' claims against defendants are based on TTC's allegedly having made "false
4  and misleading advertising statements" about the nature of the service provided on its
5  website (see FAC ¶ 14, 32) and TTC's allegedly having engaged in the unlawful practice
6  of law (see FAC ¶ 82).

## DISCUSSION

Defendants seek an order transferring the above-titled action to the Eastern District of North Carolina "based on a forum selection clause," or, in the alternative, an order compelling arbitration "based on a contractual arbitration clause." (See Defs.' Mot. at iv:5-9.)

A party seeking to enforce a forum selection clause has the initial burden to establish that the opposing parties are bound by the contract in which the forum selection clause is contained. See Holland America Line Inc. v. Wartsila North America, Inc., 485 F.3d 450, 456-57 (9th Cir. 2007) (affirming dismissal of complaint alleging negligence and breach of contract, where plaintiff, which filed suit in forum identified in contract upon which it relied, failed to meet its burden to establish defendants were parties to such contract); Regents v. Global Excel Management, Inc., 2010 WL 5175034, at *3 (C.D. Cal. December 10, 2010) (denying motion to dismiss based on forum selection clause, where defendant failed to show plaintiff was "party to the [contract] containing the forum selection clause"). Similarly, a party seeking to compel arbitration has the "burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence." See Knutson v. Sirius XM Radio Inc., 771 F.3d 559, 565 (9th Cir. 2014); Burgess v. Qwest Corp., 546 F. Supp. 2d 1117, 1122 (D. Or. 2008) (denying motion to compel arbitration, where defendant "fail[ed] to establish by a preponderance of the evidence that

---

[2]Plaintiffs allege that Swyers, "an attorney licensed by the District of Columbia Bar," is "an alter ego" of TTC (see FAC ¶¶ 17-18), and that Trademark LLC and Trademark PLLC are "alter ego[s]" of Swyers (see FAC ¶¶ 19-20).

plaintiff agreed to the terms of the . . . [a]greement [containing the arbitration clause]").

In the instant case, defendants have offered evidence, undisputed by plaintiffs, that "TTC's website does not allow a user to purchase TTC's services . . . without affirmatively agreeing to the Terms of Service" on the website. (See Swyers Decl. ¶ 3.) Additionally, as defendants point out, the Terms of Service agreement includes a clause providing that "[t]he exclusive forum for any dispute arising out of or relating to [the Terms of Service] shall be the United States District Court for the Eastern District of North Carolina - Raleigh, U.S.A. or appropriate state court sitting in Wake County, North Carolina, U.S.A." (see Compl. Ex. V at 6), as well as a clause "requir[ing] the use of arbitration on an individual basis to resolve disputes, rather than jury trials or class actions" (see Compl. Ex. V at 1). Consequently, there is no dispute that the Terms of Service include a forum selection clause and arbitration clause. There is a disagreement, however, as to whether the two plaintiffs are parties to such agreement or otherwise bound thereby.

In that regard, defendants rely on the following allegations contained in plaintiffs' initial complaint:

> 51. Plaintiffs requested the filing of a trademark application (order # 21927) through the [TTC] website on December 5, 2017. Email addresses [sic] of raj@legalforcelaw.com for customer Raj Abhyanker was used.
>
> 52. A real trademark related to [the] business of Plaintiffs was used for Everest Clay Realtors was [sic] applied for federal registration through the [TTC] website. . . . .

(See Compl. ¶¶ 51-52.)

Defendants contend the initial complaint's reference to "Plaintiffs," as quoted above, constitutes a "judicial admission" that Raj Abhyanker ("Abhyanker")[3] acted as an agent for LegalForce RAPC and Legal Force, and, consequently, that such entities are parties to the Terms of Service and thus bound by its arbitration provision. (See Defs.'

---

[3]Abhyanker was a named plaintiff in the initial complaint. By notice filed March 27, 2018, plaintiffs voluntarily dismissed all claims alleged on behalf of Abhyanker.

3

Mot. at 8:16 - 9:23.) In support thereof, defendants cite to Hagopian v. Mukasey, 551 F.3d 843 (9th Cir. 2008), in which the Ninth Circuit held that "[a]llegations in a complaint are considered judicial admissions." See id. at 846.

The Ninth Circuit has further held, however, that where "the party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial court must accord the explanation due weight." See Sicor Ltd. v. Cetus Corp., 51 F.3d 848, 859-60 (9th Cir. 1995). Here, in contrast to the plaintiff in Hagopian, who did not "move to amend its [complaint] with respect to, or otherwise contest," the fact admitted in its complaint, see Hagopian, 551 F.3d at 847, plaintiffs have addressed the above-quoted uses of "Plaintiffs" in their opposition and have endeavored to clarify that the above-quoted excerpts from the initial complaint were meant to refer solely to Abhyanker. The Court, having considered the initial complaint as a whole and having considered the evidence submitted by the parties, finds plaintiffs' argument persuasive, specifically, that the above-quoted uses of the plural in the complaint were not intended to refer to any person or entity other than Abhyanker.

First, to the extent the initial complaint includes factual allegations pertaining to the identity of the user or users of TTC's services, those allegations, as plaintiffs point out, refer solely to Abhyanker, in particular, his inquiry regarding a trademark for a company called Everest Clay Realtors. (See Opp. at 11:19 - 12:3; see, e.g., Compl. ¶ 52 (alleging "Everest Clay Realtors is [a] trade name of a real estate brokerage and investment firm started by Plaintiff Raj Abhyanker"); ¶ 54 (alleging TTC "never filed Plaintiff Raj Abhyanker's mark"); ¶ 122 (alleging Swyers "collected more than $300 in legal service and government fees from Plaintiff Raj Abhyanker"); ¶ 123 (alleging Swyers "engag[ed] in the unauthorized practice of law with respect to the filing of the Everest Clay Realtors trademark on behalf of Raj Abhyanker").)

Second, only "the owner of a trademark" may seek to register the mark, see 15 U.S.C. § 1051(a)(1), and plaintiffs have submitted a declaration by Abhyanker, who avers: "I first used the name Everest Clay Realtors associated with a real estate

4

1 brokerage that I started in 2002 on my domain www.everestclay.com." (See Abhyanker
2 Decl. ¶ 6.) Abhyanker further avers: "I recently restarted my real estate brokerage as a
3 sole proprietorship . . . ." (See id. ¶ 8.) Defendants have not argued or presented any
4 evidence to the contrary. Likewise uncontested is plaintiffs' evidence that LegalForce
5 RAPC and LegalForce "do not own any title, ownership, or beneficial interest, equitable
6 or otherwise[,] in the Everest Clay Realtors trademark." (See id. ¶ 9.)

In light of the above, the Court finds the contract with TTC was entered by Abhyanker alone.

The Court next turns to defendants' alternative argument that LegalForce RAPC and LegalForce, even if not parties to the Terms of Service, nonetheless are equitably estopped from avoiding the forum selection and arbitration clauses. For the reasons set forth below, the Court finds such argument unpersuasive.

In particular, the cases on which defendants rely are distinguishable on their facts. In one case, the court found the plaintiffs therein were estopped from avoiding arbitration for the reason that their lawsuit was for breach of contract and such contract contained an arbitration provision. See Langell v. Ideal Homes LLC, 2016 WL 8711704, at *5 (N.D. Cal. November 18, 2016) (finding plaintiffs suing for breach of warranty containing arbitration provision "estopped from avoiding arbitration"; noting plaintiffs "sought to take advantage of the terms of the warranty agreement"). In the other case, the court found the plaintiffs therein were estopped, as they were "intended third party beneficiaries who knowingly exploited the agreements [containing arbitration clauses]," and the statutory claims they alleged required them to prove they "performed under the [agreements]"). See Kairy v. SuperShuttle Int'l, Inc., 2012 WL 4343220, at *9 (N.D. Cal. September 20, 2012).

Here, by contrast, neither LegalForce RAPC nor LegalForce has sought relief under the agreement between Abhyanker and TTC, and neither such entity currently has or ever had any duties or obligations thereunder. Although the initial complaint did include claims for professional negligence and breach of fiduciary duty based on the

5

manner in which TTC performed its contractual duties (see Compl. ¶¶ 122-126; 132-137), those two claims are not contained in the FAC and, in any event, were brought solely on behalf of Abhyanker (see Compl. ¶¶ 129, 139).

Accordingly, defendants having failed to show plaintiffs are parties to the Terms of Service or that plaintiffs are estopped from avoiding either the forum selection clause or the arbitration clause, the motion will be denied.

## CONCLUSION

For the reasons stated above, defendants' Motion to Transfer to the Eastern District of North Carolina, or, Alternatively, to Compel Arbitration is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 28, 2018

MAXINE M. CHESNEY
United States District Judge