IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE P.C., <br><br> Plaintiff, <br><br> v. <br><br> TTC BUSINESS SOLUTIONS, LLC, <br><br> Defendant. | Case No. 17-cv-07318-MMC <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; VACATING HEARING** <br><br> Re: Dkt. Nos. 131, 134 |

Before the Court is plaintiff LegalForce RAPC Worldwide P.C.'s "Motion for Partial Summary Judgment on Its Third Claim for Relief for California Unfair Competition," filed November 22, 2019.[1] Defendant TTC Business Solutions, LLC has not filed an opposition or other response to the motion. Having read and considered the papers filed in support of the motion, the Court finds the matter appropriate for determination thereon, VACATES the hearing scheduled for December 27, 2019, and rules as follows.

In the operative complaint, the Second Amended Complaint ("SAC"), plaintiff alleges defendant, a company with offices located in North Carolina (see SAC ¶ 11), has engaged in the "unauthorized practice of law" (see SAC ¶ 29), in violation of § 6125 of the California Business & Professions Code, which provides that "[n]o person shall practice law in California unless the person is an active member of the State Bar," see Cal. Bus. & Prof. Code § 6125, and in violation of § 6126, pursuant to which a violation of § 6125 is a "misdemeanor," see Cal. Bus. & Prof. Code § 6126(a). Plaintiff further

---

[1]On November 22, 2019, plaintiff served the motion on defendant and filed a redacted form of the motion in the public record. On December 6, 2019, plaintiff, upon direction of the Court, filed the unredacted form of the motion in the public record.

alleges that, by violating § 6125 and § 6126, defendant has, in turn, "violated the unlawful prong" of § 17200 of the California Business & Professions Code. (See SAC ¶ 75.)

By the instant motion, plaintiff seeks summary judgment on its claim that defendant engaged in unlawful conduct in violation of § 17200. In particular, plaintiff argues, defendant's "preparing substantive responses to office actions"[2] constitutes the unauthorized practice of law (see Pl.'s Mem. of P. & A. at 6:12-14), and that, consequently, plaintiff is entitled to an injunction that would permanently enjoin defendant from engaging in said activity (see id. at 7:12-13).

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a "court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a); see also Martinez v. Stanford, 323 F.3d 1178, 1183 (9th Cir. 2003) (holding movant must make such showing "regardless of whether" non-movant files opposition). Where, as here, the moving party "bears the burden of proof at trial, [it] must come forward with evidence which would entitle [it] to a directed verdict if the evidence went uncontroverted at trial." See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992) (internal citation and quotation omitted); see also Fontenot v. Upjohn, 780 F.2d 1190, 1194 (5th Cir. 1986) (holding where plaintiff moves for summary judgment on issue upon which it bears burden of proof, it "must establish beyond peradventure all of the essential elements of the claim") (emphasis in original).

To be entitled to injunctive relief under § 17200, a plaintiff must show the defendant has engaged in an "unlawful, unfair, or fraudulent business act or practice," see Cal. Bus. & Prof. Code § 17200, and that the plaintiff "has suffered injury in fact and has lost money or property as a result of the unfair competition," see Cal. Bus. & Prof. Code § 17204.

---

[2] As described by plaintiff, an "office action is a letter issued by the USPTO refusing registration of a trademark application based on one or more substantive legal grounds." (See Pl.'s Mem. of P. & A. at 6:23-24.)

2

Here, assuming defendant has prepared substantive responses to office actions and further assuming said activity constitutes the unauthorized practice of law, plaintiff's claim nonetheless fails as plaintiff has offered no evidence to support a finding that any of defendant's officers or employees engaged in such activity in California, or that any of them prepared such responses for California residents. See Birbrower, Montalbano, Condon & Frank v. Superior Court, 17 Cal. 4th 119, 128 (1998) (holding, for purposes of § 6126, "the practice of law 'in California' entails sufficient contact with [a] California client to render the nature of the legal service a clear legal representation"; noting "primary inquiry is whether the unlicensed lawyer engaged in sufficient activities in the state, or created a continuing relationship with the California client that included legal duties and obligations"); see also Norwest Mortgage, Inc. v. Superior Court, 72 Cal. App. 4th 214, 222 (1999) (holding § 17200 "was not intended to regulate conduct unconnected to California").

In its motion, plaintiff asserts that, in addition to alleged violations of § 6125 and § 6126, its § 17200 claim is based on defendant's alleged violations of 37 C.F.R. § 11.14, which provides that "[i]ndividuals who are not attorneys are not recognized to practice before the [USPTO] in trademark and other non-patent matters." See 37 C.F.R. § 11.14(b). A claim based on § 11.14, however, is not pleaded in the SAC. Moreover, to the extent plaintiff may be arguing such claim is implicitly included therein, plaintiff offers no evidence to support a finding that defendant's preparation of substantive responses to office actions has any connection to California, and, as noted, § 17200 does not regulate conduct "unconnected to California." See Norwest, 72 Cal. App. 4th at 222.

In addition, even assuming defendant has engaged in conduct subject to regulation under California law, specifically, the unauthorized practice of law in a manner connected to California, plaintiff has failed to offer evidence to demonstrate it has lost money or property as a result thereof, and, consequently, has failed to show it is entitled to relief under § 17200.

Lastly, even assuming defendant has engaged in an unlawful practice connected

3

to California that has caused plaintiff to lose money or property, plaintiff has failed to explain why issuance of a permanent injunction is warranted, let alone offer evidence in support thereof. See eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006) (holding plaintiff seeking permanent injunction must show, inter alia, that it "suffered an irreparable injury," that other remedies are "inadequate," and that, "considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted").

Accordingly, plaintiff's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 17, 2019

MAXINE M. CHESNEY
United States District Judge